******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

CITY OF SHELTON *v.* CONNECTICUT STATE
BOARD OF LABOR RELATIONS ET AL.
(AC 44266)

Elgo, Alexander and Suarez, Js.

*Syllabus*

The plaintiff city appealed to the trial court from the decision of the defen-
dant State Board of Labor Relations determining that the city had
changed its process for evaluating candidates for promotion within its
workforce without negotiation with the defendant union in violation of
the Municipal Employees Relations Act (§ 7-467 et seq.). The trial court
rendered judgment vacating the decision and orders of the board, from
which the board appealed to this court. *Held* that, upon this court's
review of the record, and the briefs and arguments of the parties, the
judgment of the trial court was affirmed; because the trial court thor-
oughly addressed the issues raised in this appeal, this court adopted
the trial court's well reasoned memorandum of decision as a proper
statement of the facts and the applicable law on the issues.

Argued October 18, 2021—officially released February 8, 2022

*Procedural History*

Appeal from the decision of the named defendant
determining that the plaintiff's change in its process for
the promotion of certain municipal employees violated
the Municipal Employees Relations Act, brought to the
Superior Court in the judicial district of New Britain
and tried to the court, *Cordani, J.*; judgment for the
plaintiff, from which the named defendant appealed to
this court. *Affirmed.*

*Frank N. Cassetta*, general counsel, with whom were
*John Brian Meskill*, assistant general counsel, and, on
the brief, *Harry B. Elliot, Jr.*, former general counsel,
for the appellant (named defendant).

*Mark J. Sommaruga*, for the appellee (plaintiff).

*Barbara J. Resnick*, filed a brief for the appellee
(defendant Shelton Police Union, Inc.).

*Kari L. Olsen* and *Madiha M. Malik* filed a brief on
behalf of the Connecticut Conference of Municipalities
as amicus curiae.

*Opinion*

PER CURIAM. The defendant State Board of Labor Relations (board) appeals from the judgment of the Superior Court sustaining the appeal of the plaintiff, the city of Shelton, from the decision of the board in favor of the defendant Shelton Police Union, Inc. (union).[1] On appeal, the board claims that the court improperly concluded that the board's decision was erroneous as a matter of law and predicated on factual findings that were not supported by the record. We affirm the judgment of the Superior Court.

The following facts and procedural history are relevant to this appeal. The plaintiff is a municipal employer within the meaning of the Municipal Employee Relations Act (act), General Statutes § 7-467 et seq.,[2] and the union is the sole and exclusive bargaining agent for the plaintiff's police department.[3] The plaintiff and the union were parties to a collective bargaining agreement dated July 1, 2016 (agreement). Section 17.01 of the agreement specifies the following scheme for promotions of union members: "Promotions will be made in accordance with the provisions of the Merit System of the [plaintiff]. Promotional opportunities will be posted with sufficient time to prepare for the examination and a list of study materials will be provided. Challenges to the promotional testing results shall be in accordance with Section 29.03A" of the agreement.

At the time that the agreement was ratified, promotion of the plaintiff's municipal employees was governed by Shelton Municipal Ordinance No. 896. Under the terms of that ordinance, the plaintiff's administrative assistant was to first classify the examination process as "open competitive" or "promotional" and then implement "[e]xamination and testing . . . in accordance with the job description." The plaintiff's board of aldermen amended that ordinance in February, 2018, by enacting Shelton Municipal Ordinance No. 908, which granted the plaintiff's administrative assistant "discretion [to] limit the applications" for open positions "to [the plaintiff's] employees and proceed with only a promotional examination."

In the spring of 2018, the plaintiff faced an increased need for lieutenants within its police department. On April 6, 2018, the chief of police contacted the plaintiff's administrative assistant, who then posted notice of openings for the lieutenant position. Five officers applied for the positions and, in accordance with Ordinance No. 908, completed an oral examination as part of the application process. Three of those applicants subsequently were promoted to the rank of lieutenant.

On February 19, 2019, the union filed an administrative appeal with the board. The union alleged that, by removing the written component of the promotional exam without "discuss[ion] or negotiat[ion] with the

[u]nion," the plaintiff violated General Statutes § 7-470 (c) of the act. The appeal was heard before the board on July 19, 2019. On March 10, 2020, the board issued its decision and held, inter alia, that the plaintiff's failure to include a written examination as part of the promotion process violated the act insofar as it unilaterally changed a material condition of employment. In reaching that conclusion, the board relied in part on its findings that, in 1977, the plaintiff had enacted an ordinance allotting the relative weights of written and oral examinations at 50 percent each, and that administrating the examinations accordingly was "clearly enunciated and consistent" and "an accepted practice by both parties."

Following the board's decision, the plaintiff appealed to the Superior Court on April 23, 2020. The plaintiff argued that it was aggrieved by the board's decision, that the board improperly interpreted the agreement, and that certain facts found by the board were not supported by substantial evidence.

On September 10, 2020, the court issued a memorandum of decision sustaining the plaintiff's appeal. The court first noted that, under General Statutes § 4-474 (g) of the act, only three enumerated adjustments to municipal policy governing merit examinations must first be subject to collective bargaining: "(1) [t]he necessary qualifications for taking a promotional examination; (2) the relative weight to be attached to each method of examination; and (3) the use and determination of monitors for written, oral, and performance examinations." The court disagreed with the board's application of § 4-474 (g) (2) and reasoned that, because a written examination was not mandated, its elimination did not constitute a change in the "relative weight" of examination methods.[4] The court further emphasized that the plain language of the agreement afforded the plaintiff great latitude in implementing its own procedures for promotion. As a result, the court concluded that the agreement necessarily encompassed adjustments to the promotion scheme at the discretion of the plaintiff.

After reviewing the record, the briefs submitted to this court, and the arguments of the parties on appeal, we conclude that the judgment of the Superior Court should be affirmed. We hereby adopt the court's thorough and well reasoned memorandum of decision as a definitive statement of the applicable facts and law on the issues raised in this appeal. See *Shelton* v. *State Board of Labor Relations*, Superior Court, judicial district of New Britain, Docket No. CV-20-6059611-S (September 10, 2020) (reprinted at 210 Conn. App.     , A.3d     ). Any further discussion would be superfluous. See, e.g., *Nussbaum* v. *Dept. of Energy & Environmental Protection*, 206 Conn. App. 734, 742, 261 A.3d 1182, cert. denied, 339 Conn. 915, 262 A.3d 134 (2021).

The judgment is affirmed.

[1] The plaintiff's appeal to the Superior Court named only the board and the union as defendants. The board and the union filed separate appeals to this court from the Superior Court's judgment. The union withdrew its appeal on November 25, 2020, but filed a brief in support of the board's appeal. We also note that, on February 18, 2021, this court granted the Connecticut Conference of Municipalities permission to file an amicus curiae brief on behalf of the plaintiff.

[2] General Statutes § 7-467 (1) defines a municipal employer as "any political subdivision of the state, including any town, city, borough, district, district department of health, school board, housing authority or other authority established by law, a private nonprofit corporation which has a valid contract with any town, city, borough or district to extinguish fires and to protect its inhabitants from loss by fire, and any person or persons designated by the municipal employer to act in its interest in dealing with municipal employees . . . ."

[3] The union's membership, by definition, excludes "supernumeraries, school crossing guards, the Chief of Police and any employee holding the rank of captain and above and any employee acting as second-in-command of the police department."

[4] The court also observed that the weight requirement specified in the 1977 ordinance "required [only] that, if the process contained both oral *and* written components, they would be weighted equally." (Emphasis added.)